IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:09-CR-249-D(02) |
| | § | |
| MICHAEL BLAINE FAULKNER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Michael Blaine Faulkner ("Faulkner") moves for a bill of particulars and to dismiss count eight of the third superseding indictment ("indictment"), arguing that the supporting statute is unconstitutionally vague. For the reasons that follow, the court denies the motions.

I

*Motion for a Bill of Particulars*

Faulkner moves for a bill of particulars.

A

The indictment alleges that Faulkner and other alleged coconspirators defrauded "telecommunications companies, the lessors of real property, financial institutions, equipment leasing companies, creditors, credit reporting agencies, and service providers[.]" Indictment at 14, ¶ 2. Faulkner moves the court to direct the government to file a bill of particulars identifying more particularly (1) the persons and/or entities from whose

possession or control the government alleges defendants unlawfully acquired money and/or services, and (2) the names of all coconspirators, if any, who the government expects to prove participated in the offense and the date and place of the participation of each. Faulkner maintains that, without such information, he will be unable to prepare a defense and will be precluded from invoking the doctrine of double jeopardy if he is later charged with the same criminal offense.

The government responds[1] that it is within the court's discretion to require that the government file a bill of particulars, and that the court should not require one because: (1) the indictment specifically identifies the other codefendants and how, when, and where the alleged illegal acts or communications occurred; (2) the government will provide exhibit lists, witness lists, and marked exhibits that will provide Faulkner some of the information he seeks; (3) the government has provided Faulkner a list of victims; and (4) the government is not required to identify unindicted coconspirators as long as the evidence at trial supports the assertion that they are coconspirators.

B

The purposes of a bill of particulars are to provide the defendant with sufficient notice of the charges against him so that he can prepare an adequate defense, to minimize surprise to the defendant at trial, and to enable the defendant to plead double jeopardy in the event of a subsequent prosecution. *See, e.g., United States v. Carlock*, 806 F.2d 535, 550 (5th Cir.

---

[1] As its response to the instant motion, the government relies on its December 27, 2010 response to Faulkner's December 3, 2010 motion for a bill of particulars

1986); *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973). A bill of particulars cannot be used, however, to "'obtain a detailed disclosure of the government's evidence prior to trial[.]'" *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (quoting *Perez*, 489 F.2d at 70-71); *see also United States v. Burgin,* 621 F.2d 1352, 1359 (5th Cir. 1980) (explaining that bill of particulars "is not designed to compel the government to detailed exposition of its evidence") (citation omitted); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) ("[I]t is well established that generalized discovery is not a permissible goal of a bill of particulars."). The decision to grant a bill of particulars is entrusted to the court's discretion. *Carlock*, 806 F.2d at 550.

In determining whether a bill of particulars is necessary, the court examines "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges against him to enable him to prepare for trial." *United States v. Martinez,* 2010 WL 2025226, at *7 (N.D. Tex. May 21, 2010) (Fitzwater, C.J.) (citations omitted); *see also United States v. Gorel*, 622 F.2d 100, 104 (5th Cir. 1979) (affirming denial of motion for bill of particulars where defendant did not show that the matters requested were necessary to inform him of the charge against him). Moreover, even if the indictment does not furnish sufficient information to enable the defendant to prepare a defense and to avoid surprise at trial, where the government has provided the necessary information in another satisfactory form, such as through discovery, a bill of particulars is unnecessary. *See United States v. Kirkham*, 129 Fed. Appx. 61, 72 (5th Cir. 2005) (concluding that the "voluminous discovery" provided by the government "obviated the need for a bill of particulars").

C

1

The court denies Faulkner's request for a bill of particulars identifying the victims of the conspiracy charged in count one, which charges Faulkner and his codefendants with conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. §§ 1349, 1341, and 1343 The indictment includes 9 pages that describe the defendants and related entities and 37 pages that describe the overt acts alleged against the defendants relevant to count one. On February 8, 2010 the government filed a Fed. R. Crim. P. 12.4 notice that lists 47 victims of the alleged criminal activity known to the government. Moreover, in its response to Faulkner's motion, the government includes a chart that lists each potential loss amount identified in the second superseding indictment, the relevant victim, and the numbered paragraph in which the loss is mentioned. The government also anticipates that it will file a supplemental Rule 12.4 notice addressed to the current indictment.

Furthermore, the identity of the alleged victims is not an essential element of conspiracy to commit wire or mail fraud. "Although the offense of wire fraud requires a victim, the victim need not be named in the indictment." *United States v. Valencia*, 2006 WL 3716657, at *4 (S.D. Tex. Dec. 14, 2006), *aff'd*, 600 F.3d 389 (5th Cir. 2010). In the case of mail fraud (and by analogous extension in the case of wire fraud), this is because "[t]he focus of the mail fraud statute is upon the use of the mail to further a scheme to defraud, not upon any particular kind of victim." *United States v. Hatch*, 926 F.2d 387, 392 (5th Cir. 1991) (affirming denial of defendant's motion to dismiss where defendant argued that failure

to identify proper legal victim violated his due process rights by hindering his ability to prepare defense).

The government is required under N.D. Tex. Crim. R. 16.1(b) and the court's scheduling order in this case to provide defendants a list of witnesses at least 14 days before trial. The government has listed many names of the alleged victims in the indictment and the Rule 12.4 notice, and has it has agreed to provide others through witness and exhibit lists that it says it will file well before the 14-day deadline. Because Faulkner has been or will be notified before trial of the names of alleged victims, he has not shown that he will be prejudiced unless the government provides a bill of particulars. The court therefore denies Faulkner's motion for a bill of particulars identifying victims of the alleged conspiracy.

2

The court also denies Faulkner's request for a bill of particulars identifying his coconspirators.

In the indictment, the government named 19 defendants as coconspirators, and it maintains that it is not required to name every alleged coconspirator. While "at least two persons are required to constitute a conspiracy, . . . the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown." *Rogers v. United States*, 340 U.S. 367, 375 (1951) (citations omitted); *see also United States v. Moree,* 897 F.2d 1329, 1332 (5th Cir. 1990) ("The co-conspirators need not be identified as long as evidence supports 'the proposition that such a co-conspirator did exist and that the defendant did conspire with him.'") (quoting

*United States v. Pruett,* 551 F.2d 1365, 1369 (5th Cir. 1977)).

"A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses[.]" *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979). But "a motion for a bill of particulars will not be granted when it is being used only to obtain a list of the government's witnesses." *United States v. Holy Land Found. for Relief and Dev.*, 2007 WL 328833, at *3 (N.D. Tex. Feb. 1, 2007) (Fish, C.J.) (citing *United States v. Pena*, 542 F.2d 292, 294 (5th Cir. 1976)). "Rather, the trial court should grant the motion for a bill of particulars 'when the information is necessary' for the defendants to prepare for trial." *Id.* (quoting *Barrentine*, 591 F.2d at 1077). And "defendants are obliged to show that they will be prejudiced if they do not receive the information sought[.]" *Id.*

Faulkner only argues that failure to inform him of the nature and cause of the accusations against him prevents him from preparing his defense or from invoking jeopardy in the event he is subsequently charged with the same offense. He does not explain why the indictment, which follows the language of the statute, is insufficient to give him notice of the offense charged without identifying unindicted coconspirators. Nor does he explain why the names of unindicted coconspirators are necessary to help him prepare for trial. Faulkner does not assert any specific prejudice that he will suffer if his motion is denied. He merely restates the legal test for whether the court should grant a bill of particulars: that the information he requests is necessary to prepare his defense. The court holds that Faulkner has not shown that a bill of particulars disclosing the names of unindicted coconspirators is

necessary, or that he will be prejudiced if the government does not disclose the names of unindicted coconspirators. Accordingly, the court in its discretion denies Faulkner's motion for a bill of particulars in this respect.

II

*Motion to Dismiss Count Eight*

The court next considers Faulkner's motion to dismiss count eight of the indictment.

A

Faulkner is charged in count eight with falsely registering a domain name, in violation of 18 U.S.C. § 3559(g)(1). The indictment charges:

> [Faulkner] did knowingly and intentionally falsely register a domain name, in that Faulkner did register and cause to be registered Officelinkplus.com with the registration service Moderngigabyte.com using a false contact name and a false address, and further that Faulkner did knowingly and intentionally use the domain name in the course of the commission of a felony offense alleged in Count One, for which felony offense Faulkner was convicted.

Indictment at 62. 18 U.S.C. § 3559(g)(1) provides a sentencing enhancement for a defendant who is convicted of a felony offense and who "knowingly falsely registered a domain name and knowingly used that domain name in the course of that offense[.]" "Falsely registers" means "registers in a manner that prevents the effective identification of or contact with the person who registers[.]" 18 U.S.C. § 3559(g)(2)(A).

Faulkner argues that it is not clear to a person of reasonable intelligence what allows or prevents "effective identification" of or contact with the person who registers a domain

name. He relies on *Kolender v. Lawson*, 461 U.S. 352 (1983), which held unconstitutionally vague a California statute criminalizing a person's failure to provide credible and reliable identification upon a police officer's request. *Id.* at 355-56, 361. Faulkner argues that, like the statute in *Kolender*, § 3559(g)(1) is vague because it does not provide a clear standard for a defendant's compliance.

The government responds that count eight satisfies the constitutional requirements that an indictment provide notice of the crime charged and allow the defendant to defend against double jeopardy. It contends that the statute is not unconstitutionally vague because, even if Congress could have chosen more precise language, § 3559(g)(1) provides fair warning to a defendant of common intelligence. It argues that the statute in *Kolender* is distinguishable because § 3559(g)(1) provides fair warning that, if a person registers a domain name by providing false information and subsequently commits a felony using that domain name, his sentence will be enhanced.

B

1

"Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." *Maynard v. Cartwright,* 486 U.S. 356, 361 (1988). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975) (citation omitted). "[T]o be unconstitutionally vague, a statute must be 'impermissibly vague

in all its applications,' including its application to the party bringing the vagueness challenge." *United States v. Clark,* 582 F.3d 607, 612-13 (5th Cir. 2009) (quoting *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 495 (1982), and citing *Roark & Hardee LP v. City of Austin,* 522 F.3d 533, 546-47, 551 n.19 (5th Cir. 2008)). To determine whether a statute is vague in all applications, "a reviewing court should examine the complainant's conduct *before* analyzing other hypothetical applications of the law because a [party] who engages in some conduct that is *clearly* proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Roark & Hardee,* 522 F.3d at 546 (internal quotation marks and citations omitted). A law is vague in all its applications when "men of common intelligence must necessarily guess at its meaning." *Clark,* 582 F.3d at 613 (internal quotation marks and citations omitted).

2

The court begins the vagueness inquiry by considering Faulkner's alleged conduct because to be unconstitutionally vague, a statute not touching conduct protected by the First Amendment must be vague in all its applications. *See id.* at 612. Considering the allegations in this case, the court holds that *Kolender* is distinguishable and that § 3559(g)(1) is not unconstitutionally vague as applied to Faulkner. The statute in *Kolender* required a defendant to produce "credible and reliable" identification, defined as identification "carrying reasonable assurance that the identification is authentic and providing means for later getting in touch with the person who has identified himself." *Kolender,* 461 U.S. at 355-56. The Court deemed the statute vague because its definition of "credible and reliable"

identification "vest[ed] virtually complete discretion in the hands of the police to determine whether the suspect ha[d] satisfied the statute and must be permitted to go on his way in the absence of probable cause." *Id.* at 358. *Kolender* held that the statute was unconstitutional because individual views of credibility and authenticity were variable.

Section 3559(g)(1) does not confer discretion on a law enforcement agent as the statute in *Kolender* did, but instead turns on Faulkner's knowledge that he was registering a domain name in a manner that would prevent his effective identification or effective contact with him. A violation of § 3559(g)(1) turns on a defendant's knowledge that he is registering a domain name in a manner that prevents an enforcement agent from effectively identifying and contacting him. The indictment alleges that Faulkner knowingly used a false contact name and address to register a domain name, which a reasonable and ordinary person could conclude would prevent effective identification (because he used a false name) and contact (because he used a false address). The determination that Faulkner knowingly used false information to register a domain name is of course a matter for proof at trial. But the definition of "falsely registers" is not vague as applied to Faulkner because it is clear to a reasonable and ordinary person that using false information to register a domain name reasonably prevents effective identification of and contact with the domain name registrant. Thus the court holds that, considering the alleged facts of this case, § 3559(g)(1) is not unconstitutionally vague as applied to Faulkner.

* * *

Because the indictment furnishes sufficient information to allow Faulkner to prepare a defense, and because the government has provided additional information, the court denies Faulkner's motion for a bill of particulars. The court concludes that § 3559(g)(1) is not vague as applied to Faulkner because a reasonable and ordinary person could conclude that Faulkner's alleged conduct violated the statute. Faulkner's motion to dismiss count eight is denied.

**SO ORDERED.**

July 15, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE