IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA,             §
                                      §
                    Plaintiff,        §
                                      §
                                      §     Criminal No. 3:09-CR-249-D(02)
VS.                                   §
                                      §
MICHAEL BLAINE FAULKNER,              §
                                      §
                    Defendant.        §

MEMORANDUM OPINION
AND ORDER

  Defendant Michael Blaine Faulkner ("Faulkner") moves to dismiss count eight of the fourth superseding indictment ("indictment"), contending that the statute on which it is based is unenforceable and unconstitutionally vague. The court denies the motion for the reasons that follow.

I

  In its July 15, 2011 memorandum opinion and order, the court denied Faulkner's motion to dismiss count eight of the third superseding indictment. *See United States v. Faulkner*, 2011 WL 2880919, at *5 (N.D. Tex. July 15, 2011) (Fitzwater, C.J.) ("*Faulkner IV*"). Thereafter, the grand jury handed up a fourth superseding indictment. Count eight of the third superseding indictment is identical to count eight of the fourth superseding indictment, which provides a sentencing enhancement for a defendant who knowingly falsely registers a domain name and knowingly uses that domain name in the commission of a felony. Count eight charges that

> [o]n or after November 10, 2006, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant [Faulkner], did knowingly and intentionally falsely register a domain name, in that Faulkner did register and cause to be registered Officelinkplus.com with the registration service Moderngigabyte.com using a false contact name and a false address, and further that Faulkner did knowingly and intentionally use the domain name in the course of the commission of a felony offense alleged in Count One, for which felony offense Faulkner was convicted.
>
> In violation of 18 U.S.C. § 3559(g)(1).

Indictment 62. Faulkner acknowledges that the court has previously addressed the relief he requests. But he maintains that the court should reconsider its prior ruling because the statute under which the government seeks to increase his punishment is unenforceable, and, alternatively, the statute is unconstitutionally vague.

## II

Faulkner previously argued that § 3559(g)(1) is unconstitutionally vague, and the court fully addressed and rejected this argument. *See Faulkner IV*, 2011 WL 2880919, at *4-5. The court will briefly restate the basis for doing so in *Faulkner IV*.

Section 3559(g)(1) provides a sentencing enhancement for a defendant who is convicted of a felony offense and who "knowingly falsely registered a domain name and knowingly used that domain name in the course of that offense[.]" "[T]he term 'falsely registers' means registers in a manner that prevents the effective identification of or contact with the person who registers[.]" 18 U.S.C. § 3559(g)(2)(A). Faulkner asks the court to reconsider its ruling that §3559(g)(1) is not unconstitutionally vague as to him. *See Faulkner*

*IV*, 2011 WL 2880919, at *5. In *Faulkner IV* the court reasoned that, unlike the loitering statute in *Kolender v. Lawson*, 461 U.S. 352 (1983), on which Faulkner relied, § 3559(g)(1) does not confer discretion on a law enforcement agent. Instead, the availability of a sentencing enhancement under § 3559(g)(1) turns on *Faulkner's knowledge* that he was registering a domain name in a manner that would prevent his effective identification or effective contact with him. The court noted that the "indictment alleges that Faulkner knowingly used a false contact name and address to register a domain name, which a reasonable and ordinary person could conclude would prevent effective identification (because he used a false name) and contact (because he used a false address)." *Faulkner IV*, 2011 WL 2880919, at *5. Thus the court held that the definition of "falsely registers" is not vague *as applied to Faulkner* because it is clear to a reasonable and ordinary person that using a false name and address to register a domain name prevents effective identification of and contact with the domain name registrant. *Id*. Faulkner has presented no persuasive grounds for the court to reconsider its ruling, and it declines to do so as to Faulkner's vagueness challenge.

III

In his present motion, Faulkner argues for the first time that a plain reading of § 3559(g)(1) demonstrates that the mere fact that he has been charged in count eight is sufficient of itself to establish that he is not subject to the statute's enhanced penalty. Faulkner maintains that, when the definition of "falsely registers" is inserted into the statute, § 3559(g)(1) applies when "a defendant who is convicted of a felony offense registers in a

manner that prevents the effective identification of or contact with the person who registers the domain and knowingly uses that domain name in the course of that offense." D. Mot. to Dismiss 2 (internal quotation marks and alterations omitted). Faulkner posits that, according to a plain meaning of the statute, § 3559(g)(1) criminalizes registering in a manner that prevents successful identification of or contact with the person who registered. In other words, Faulkner argues that the statute can never apply because, if a person *is* identified or contacted so that he can be charged (i.e., if the government discovers who really registered the domain name), that person could not have violated the statute because he was in fact successfully identified (i.e., he did not register in a manner that prevented effective identification of or contact with him). The court disagrees.

Section 3559(g)(1) provides a sentencing enhancement—an increased criminal penalty—when someone knowingly falsely registers a domain name and uses that domain name in the course of committing a felony offense. "Falsely registers" means registers in a manner that prevents the *effective* identification of or *effective* contact with the person who registers. The statute does not provide an enhancement for registering in a manner that prevents *any* identification or *any* contact with the person. Therefore, the sentencing enhancement of § 3559(g)(1) applies when a person knowingly registers a domain name using a materially false identification or materially false contact information and uses that domain name in the course of committing a felony offense.

This understanding of § 3559(g)(1) is confirmed by reading the statute that enacted § 3559(g)(1). In Public Law No. 108-482 Congress enacted § 3559(g)(1), and it directed the

United States Sentencing Commission to review and amend the sentencing guidelines to ensure that the guideline range was sufficiently stringent to deter a "defendant convicted of any felony offense carried out online that may be facilitated through the use of a domain name registered with *materially false contact information*."  Intellectual Property Protection and Courts Amendments Act of 2004, Pub. L. No. 108-482, 118 Stat. 3912 (emphasis added). Congress enacted § 3559(g)(1) and the corresponding directive to the United States Sentencing Commission in the same section of the law, and both should be construed together as parts of a whole statute.  *See, e.g., FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) ("A court must therefore interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into an harmonious whole[.]" (internal quotation marks, citations, and alterations omitted)).  Reading Public Law No. 108-482 holistically, it is apparent that when Congress provided a sentencing enhancement for a person who registers a domain name, used in the commission of a felony, in a manner that prevents the effective identification of or effective contact with the person, Congress intended to increase the punishment for a person who registers a domain name using "materially false contact information."  *Id.*[*]

This is in fact how count eight alleges that Faulkner is subject to the sentencing

---

[*]Likewise, 18 U.S.C. §1037(a)(4) prohibits fraud and related activity in connection with electronic mail.  Section 1037(a)(4) prohibits a person from registering for five or more electronic mail accounts or online user accounts or two or more domain names using information that *materially falsifies the identity of the actual registrant* and using the accounts or domains to initiate the transmission of multiple commercial electronic mail messages.

enhancement. It charges that Faulkner used a false name and a false address to register a domain name—i.e., that he used materially false contact information—and that he knowingly and intentionally used that domain name in the course of committing the felony offense of which he had been convicted in count one.

Faulkner has therefore failed to demonstrate that the sentencing enhancement provided in § 3559(g)(1) is unenforceable.

*   *   *

Accordingly, the court denies Faulkner's August 16, 2011 motion to dismiss.

**SO ORDERED.**

August 25, 2011.

SIDNEY A. FITZWATER
CHIEF JUDGE