UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:09-CR-249-D(02) |
| MICHAEL BLAINE FAULKNER, | ) | |
| Defendant. | ) | |

### MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)

Michael Blaine Faulkner ("Faulkner"), by and through the undersigned counsel, respectfully submits this Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). In support thereof, Faulkner offers the following:

### I. INTRODUCTION

On October 3, 2011, Faulkner pled guilty to one count of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. § 1349 (Count One); and one count of obstructing justice by concealing assets, in violation of 18 U.S.C. § 1512(b)(2)(B) (Count Five). On May 25, 2012, Faulkner was sentenced to 240 months imprisonment on Count One, and 120 months imprisonment on Count Five, to be served consecutively with one another, comprising a total of 360 months imprisonment. Faulkner's current anticipated release date is September 4, 2035.

In recent months, the COVID-19 pandemic has spread throughout the United States prison system, putting vulnerable inmates at a high risk for serious illness or death in its wake. Faulkner is one such person. Faulkner suffers from several

respiratory, cardiovascular, and endocrine conditions that put him at a high risk for serious illness due to COVID-19. Additionally, Faulkner's familial responsibilities have shifted substantially since his conviction as his mother has recently undergone major surgery complicated by heart disease, limiting her ability to care for herself without assistance. While a term of 360 months may have been more than reasonable at the time of Faulkner's sentencing, new and extenuating circumstances make continued imprisonment unnecessarily hazardous and severe. Numerous district courts have found that the incapacitation of a family member as well as the extreme health risks posed by COVID-19 to those with documented underlying conditions constitute "extraordinary and compelling" circumstances that warrant a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Based on the following, Faulkner respectfully asks that this Court enter an Order granting his § 3582(c)(1)(A) motion and reduce his sentence to a term of time served.

## II. APPLICABLE LAW

In December 2018, Congress enacted the First Step Act ("FSA") which modified Section 3582(c)(1) of Title 18 of the United States Code to allow a defendant to bring a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads:

> (c) Modification of an Imposed Term of Imprisonment. –The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to*

> *bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it find that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

If the Court finds the exhaustion requirements met and extraordinary and compelling circumstances are present, the Court may reduce a term of imprisonment "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Further, the statute requires the Court "to consider the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable." *Id.*

A.  *Exhaustion Requirement*

Although there has been a significant split among district courts on whether the exhaustion requirement of § 3582(c)(1)(A) is jurisdictional and/or excusable, two Courts of Appeals have recently weighed in on the subject. In *United States v. Raia*,

3

the Third Circuit concluded that failure to comply with the statute's exhaustion requirement "presents a glaring roadblock foreclosing compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

More recently, the Sixth Circuit found that a prisoner's failure to exhaust his administrative remedies did not deprive the court of subject-matter jurisdiction; however, the court concluded that the exhaustion requirement "looks like a claim-processing rule, and in operation it acts like one." *United States v. Alam*, __F.3d__, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020). In so holding, the court noted:

> Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition. If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only be moving for it on his own behalf. To do that, he must "fully exhaust [] all administrative rights to appeal" with the prison or wait 30 days after his first request to the prison. 18 U.S.C. § 3582(c)(1)(A).

*Id.*

B.  *Extraordinary and Compelling Circumstances*

As many district courts have noted post-First Step Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Bucci*, No. CR 04-10194-WGY, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13, which its commentary states:

> 1. Extraordinary and Compelling Reasons. –Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:

4

(A) Medical Condition of the Defendant. –

    (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. –The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(c) Family Circumstances. –

    (i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Since the enactment of the First Step Act, district courts across the country have found and given various meanings to the term "extraordinary and compelling." *See*, *e.g.*, *United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399 (S.D.N.Y. Jan. 8, 2020) ("The rapid decline [in health] coupled with Ebbers's age present 'extraordinary and compelling reasons'"); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019) (concluding that the stacking provision of 18 § 924(c) constitutes extraordinary and compelling reason for reduction in sentence after the First Step Act); and *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505 (M.D.N.C. June 28, 2019) ("Ms. Beck's invasive cancer and the abysmal health care BoP has provided qualify as 'extraordinary and compelling reasons' warranting a reduction in her sentence to time served.").

C.  *Sentencing Commission Policy and 18 U.S.C. § 3553(a) Factors*

Section 3582(c)(1)(A) allows for a court to reduce a term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and compelling reasons warrant such a reduction; … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"

The § 3553(a) "factors include, among other things, '(1) the nature and circumstances of the offense and the history and characteristics of the defendant,' as well as '(2) the need for the sentence imposed–(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect

6

the public from further crimes of the defendant.'" *United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *4 (S.D. Fla. Apr. 28, 2020) (quoting 18 U.S.C. § 3553(a)).

Under § 1B1.13 of the U.S. Sentencing Guidelines, the Court may reduce a term of imprisonment after consideration of the § 3553(a) factors, if the Court determines that:

> (1) (A) extraordinary and compelling reasons warrant the reduction;
> …
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(1)-(3).

### III. A REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i) IS WARRANTED

A.   *Faulkner Has Met the Exhaustion Requirements of § 3582(c)(1)(A)*

On April 15, 2020, Faulkner submitted his request for Compassionate Release/Reduction in Sentence pursuant to Bureau of Prisons ("BOP") Program Statement 5050.50 to the Warden of Texarkana FCI.[1] Because more than 30 days have elapsed since Faulkner's request was submitted to the BOP, Faulkner has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *See Alam*, __F.3d__, 2020 WL 284569, at *4 ("If [requesting compassionate release] doesn't work, prisoners can pursue administrative review. If that also comes up short (or if 30 days pass), prisoners have the option to go to federal court.").

---

[1]   See Exhibit A.

B.  *Extraordinary and Compelling Circumstances Justify a Reduction in Sentence*

As discussed above, district courts across the country have given various meanings to the term "extraordinary and compelling" circumstances. Under the commentary to U.S.S.G. § 1B1.13, extraordinary and compelling reasons may include: (A) medical conditions of the defendant; (B) age of the defendant; (C) family circumstances; or (D) other reasons. U.S.S.G. § 1B1.13, cmt. n. 1. "Other reasons" is further defined by the Guidelines as follows:

> (D) Other Reasons. –As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*Id*. As several courts have noted:

> § 1B1.13, as currently written, would not constrain this Court's ability to find extraordinary and compelling reasons here. As the Sentencing Commission's policy statement was not amended after enactment of the FSA "a growing number of district courts have concluded the Commission lacks an applicable policy statement regarding when a judge can grant compassionate release" … "because the Commission never harmonized its policy statement with the FSA." *United States v. Mondaca*, 2020 WL 102024, at *3 (S.D. Cal. Mar. 3, 2020); (citing *Brown*, 411 F. Supp. 3d at 477, 499 (canvassing district court decisions)); *see also United States v. Redd*, 2020 WL 1248493, at *6 (E.D. Va. Mar. 16, 2020) ("[T]here does not currently exist, for the purpose of satisfying the ["FSA's"] 'consistency' requirement, an 'applicable policy statement.'")

> This Court is persuaded by the reasoning of numerous other district courts and holds that it is 'not constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020); *See also United States v. Perez*, 2020 WL 1180719, at *2 (D. Kan. Mar. 11, 2020) ("[A] majority of federal courts have found that the most natural reading of the amended § 3582(c) and § 994(t) is that the district court assumes the same discretion as the BOP director when it considers a compassionate release motion properly before it.")

8

*United States v. Etzel*, No. 6:17-CR-00001-AA, 2020 WL 2096423, at *3 (D. Or. May 1, 2020). Accordingly, this Court may find "extraordinary and compelling" reasons under U.S.S.G. § 1B1.13, cmt. n. 1(D).

The extraordinary and compelling circumstances presented in the instant case are twofold. Firstly, the health risk continued imprisonment poses to Faulkner as a result of the COVID-19 pandemic and his underlying health conditions is severe. Faulkner, now 47 years old, has significant health concerns that put him at risk for serious illness or death with the spread of COVID-19. Faulkner has been diagnosed with chronic asthma, hypertension, and hypothyroidism. He is medicated for all of these conditions as is noted in his medical records.[2] Faulkner's hypertension has not been responding to treatment, and additional medication has recently been added to Faulkner's regimen. Additionally, he has a history of upper respiratory complications, resulting in sinus irrigation surgery and surgical replacement of both ear drums. Current information related to COVID-19 as issued by the Center for Disease Control ("CDC") indicates that those suffering from respiratory and cardiovascular conditions are at a significantly increased risk for serious illness or death with the contraction of COVID-19. Hypertension and asthma are cited specifically by the CDC as great risk factors. Faulkner posits that his underlying risk factors present sufficient grounds to reduce his sentence under this statute, an assertion that is echoed in several cases in the Fifth Circuit alone.

---

[2] Faulkner will seek leave to file his medical records as a sealed exhibit to the instant motion under separate cover.

9

*See, e.g., United States v. Jackson*, 4:14-CR-00576, 2020 WL 1955402 (S.D. Tex. Apr. 23, 2020); *United States v. Muniz*, 4:09-cr-00199-1, 2020 WL 1540325 (S.D. Tex. Mar. 31, 2020).

As of July 29, 2020, the CDC reports a total of 4,280-135 COVID-19 cases in the United States.[3] To date, there have been 147,672 deaths attributed to the COVID-19 pandemic in this country. *Id*. As expected, the virus has since spread throughout the U.S. prison system, including the BOP. "Those detained in jails and prisons face particularly grave danger." *United States v. Nkanga*, 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020).

According to the BOP's data, there are 3,799 inmates and 460 BOP staff who have confirmed positive test results for COVID-19 nationwide.[4] While 6,583 inmates and 681 staff have recovered, a tragic 101 inmates and 1 BOP staff member have died of COVID-19 related causes. *Id.*

Given COVID-19's recent surge in the federal prison system, several district courts have granted inmates' compassionate release requests. *See United States v. Foster*, No. 1:14-cr-324-02 (M.D. Pa. Apr. 3, 2020) ("The circumstances faced by our prison system during this highly contagious, potentially fatal global pandemic are unprecedented. It is no stretch to call this environment 'extraordinary and compelling,' and we all believe that, should we not reduce Defendant's sentence,

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last accessed July 29, 2020).

[4] https://www.bop.gov/coronavirus/ (last accessed July 29, 2020).

10

Defendant has a high likelihood of contracting COVID-19 from which he would "not expected to recover." USSG SS 1B1.13. No rationale is more compelling or extraordinary."); *United States v. Colvin*, No. 3:19-cr-179 (JBA), 2020 WL 1613943 (D. Conn. Apr. 2, 2020) ("She has diabetes, a 'serious … medical condition,' which substantially increases her risk of severe illness if she contracts COVID-19…. Defendant is 'unable to provide self-care within the environment of FDC Philadelphia in light of the ongoing and growing COVID-19 pandemic because she is unable to practice effective social distancing and hygiene to minimize her risk of exposure, and if she did develop complications, she would be unable to access her team of doctors at Bridgeport Hospital. In light of the expectation that the COVID-19 pandemic will continue to grow and spread over the next several weeks, the Court concludes that the risk faced by Defendant will be minimized by her immediate release to home, where she will quarantine herself."); *United States v. Brannan*, No. 4:15-cr-80-01 (S.D. Tx. Apr. 2, 2020) (emergency motion was granted same day of filing for prisoner who had served 9 months of a 36-month sentence for fraud at FCI Oakdale and had not exhausted BOP remedies); *United States v. Resnik*, No. 1:12-cr-00152-CM (S.D.N.Y. 2020) ("Releasing a prisoner who is for all practical purposes deserving of compassionate release during normal times is all but mandated in the age of COVID-19"); *United States v. Williams*, No. 3:04-cr-95-MCR (N.D. Fla. Apr. 1, 2020) ("Williams' cardiovascular and renal conditions compromise his immune system, which, taken with his advanced age, put him at significant risk for even more severe and life threatening illness should he be

11

exposed to COVID-19 while incarcerated….Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); and *United States v. Jepsen*, No. 3:19-cr-00073 (VLB), 2020 WL 1640232 (D. Conn. Apr. 1, 2020) ("Mr. Jepsen is in the unique position of having less than eight weeks left to serve on his sentence, he is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19, and the Government consents to his release. The Court finds that the totality of the circumstances specific to Mr. Jepsen constitute 'extraordinary and compelling' reasons to grant compassionate release.").

Secondly, Faulkner asserts that his changed family situation should warrant a reduction in sentence. Faulkner's mother, Janet Faulkner, has recently undergone a follow-up surgery addressing excruciating back, hip, and leg pain as a result of degeneration, slippage, and infection after a spinal stenosis a year ago.[5] Her most recent surgery involved spinal decompression and fusion with instrumentation and bone grafting. These musculoskeletal complications have greatly decreased her mobility and limited her ability to care for herself without assistance. Ms. Faulkner is currently scheduled for an additional major surgery within the next few months. If released, Faulkner could provide much needed support to his mother in this time. Just as in *Bucci*, Faulkner's role as a potentially pivotal caregiver to his mother in

---

[5]  Faulkner will seek leave to file Ms. Faulkner's medical records as a sealed exhibit to the instant motion under separate cover.

12

tandem with his own health concerns regarding continued imprisonment should warrant a reduction.

C. *A Reduction in Sentence is Warranted After Consideration of the 18 U.S.C. § 3553(a) Factors and Sentencing Guidelines' Policy*

Having established that Faulkner has met the exhaustion requirements of the statute, and that extraordinary and compelling circumstances exist, the Court must consider the factors under 18 U.S.C. § 3553(a) and the Sentencing Guidelines policy to determine whether a reduction in sentence is warranted. Based on the following, Faulkner respectfully submits that these factors support a reduction of sentence.

Faulkner fully recognizes the severity of the crimes to which he pled guilty almost ten years ago. Throughout his term of imprisonment, Faulkner has proved himself a model inmate and has committed himself to his rehabilitation. Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding. In *Pepper v. United States*, 131 S.Ct. 1229, 1241 (2011), the Court emphasized the important nature of post-sentence rehabilitation, stating that "there would seem to be no better evidence than a defendant's post incarceration conduct."[6] *Id*. Indeed, the Court continued,

---

[6] "In addition, evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of post sentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2) – in particular, to 'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant

13

"Post sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id*. at 1242.

Looking to the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), Faulkner accepted responsibility and pled guilty to his offense. He has spent his incarceration productively and has taken numerous BOP courses in varying fields including general education, personal wellness and betterment, career guidance, interpersonal relationships, and release preparation.[7] He has a demonstrable release plan as well as family and friends who will help him transition successfully out of incarceration.

Lastly, Faulkner submits that he is not a danger to the safety of others. U.S.S.G. § 1B1.13(2). As discussed above, Faulkner has taken initiative in his rehabilitation and committed himself to comprehensive recovery. He has taken full responsibility for his wrongdoing and has served almost ten years of his sentence. He has a verifiable release plan and will be an asset to his family and community upon release.

---

with needed educational or vocational training…or other correctional treatment in the most effective manner.' §§ 3553(a)(2)(B)-(D); see *McMannus*, 496 F.3d, at 853 (Melloy, J., concurring) ("In assessing…deterrence, protection of the public, and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C) & (D), there would seem to be no better evidence than a defendant's post incarceration conduct"). *Pepper*, 131 S.Ct. at 1242.

[7] See Exhibit B.

Taking into account Faulkner's significant post-sentencing rehabilitation efforts, the changed responsibilities Faulkner has to his family, and the substantial health risks of continued incarceration, Faulkner respectfully submits that a reduction under § 3582(c)(1)(A) to a sentence of time served is "sufficient, but not greater than necessary" to comply with the sentencing purposes set forth in § 3553(a).

## IV. CONCLUSION

Based on the foregoing, Faulkner respectfully prays that the Court grant his motion under 18 U.S.C. § 3582(c)(1)(A) and reduce his term of imprisonment to time served.

Respectfully submitted,

/s/ Jeremy Gordon
Jeremy Gordon
Jeremy Gordon, PLLC
1848 Lone Star Road, Suite 106
Mansfield, TX 76063
Tel: 972-483-4865
Fax: 972-584-9230
Email: Jeremy@gordondefense.com
TX Bar No. 24049810

*Counsel for Michael Faulkner*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 29th day of July 2020.

<u>/s/ Jeremy Gordon</u>