IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal Action No. 3:09-CR-249-D(02) |
| VS. | § | |
| | § | |
| MICHAEL BLAINE FAULKNER, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Defendant Michael Blaine Faulkner ("Faulkner") pleaded guilty under a Fed. R. Crim. P. 11(c)(1)(C) plea agreement[*] to one count of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349 (18 U.S.C. §§ 1341 and 1343), and one count of obstructing justice by concealing assets in violation of 18 U.S.C. § 1512(b)(2)(B).  On May 25, 2012 the court sentenced him to 360 months' imprisonment to be followed by 5 years of supervised release.  On July 29, 2020 Faulkner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and a motion to file certain supporting exhibits under seal.  For the reasons that follow, the court grants Faulkner's motion to file exhibits under seal and denies his motion to reduce sentence.

I

Faulkner's motion to file under seal his and his mother's confidential medical records, which he includes in support of his motion under 18 U.S.C. § 3582(c)(1)(a), is granted.

---

[*]The plea agreement provided, in pertinent part, "that the appropriate term of imprisonment in this case is a period of imprisonment not to exceed 360 months."  Oct. 6, 2011 Plea Agreement ¶ 4.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

III

The court holds that Faulkner's motion fails to identify extraordinary and compelling reasons for a sentence reduction consistent with the Sentencing Guidelines policy statement. *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(1)(A) & cmt. n.1.

Faulkner is 47 years old and contends that he has significant health concerns that put him at risk for serious illness or death with the spread of COVID-19. He maintains that he has been diagnosed with chronic asthma, hypertension, and hypothyroidism and is medicated for all of these conditions; that he has a history of upper respiratory complications, resulting in sinus irrigation surgery and surgical replacement of both ear drums; that current information issued by the Center for Disease Control ("CDC") indicates that those suffering from respiratory and cardiovascular conditions are at a significantly increased risk for serious illness or death with the contraction of COVID-19; and that the CDC specifically cites hypertension and asthma as "great risk factors," D.

Mot. 9. Faulkner also posits that his changed family situation should warrant a reduction in sentence because his mother recently underwent major spinal surgery, which "greatly decreased her mobility and limited her ability to care for herself without assistance," *id.* at 12; she is scheduled for additional major surgery within the next few months; and, "[i]f released, Faulkner could provide much needed support to his mother in this time." *id.*

The court concludes that Faulkner has failed to demonstrate extraordinary and compelling reasons to warrant compassionate release. Although Faulkner generally describes his medical conditions, including his asthma and hypertension, he does not present sufficient circumstances regarding these conditions to demonstrate extraordinary and compelling reasons for compassionate release. Essentially, it appears that Faulkner is at this point relying on the possibility that he may contract COVID-19 while in prison to argue that his other medical conditions will be exacerbated; but this possibility is insufficient without more. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." (citations omitted)).

To the extent that Faulkner is relying on his "family circumstances" to show extraordinary and compelling reasons for compassionate release, he has failed to assert or provide any evidence that his family circumstances meet the requirements of application note 1(C) to the Sentencing Guidelines policy statement. *See* U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(C) ("Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below: . . . (C) Family Circumstances.— (i) The death or incapacitation

- 3 -

of the caregiver of the defendant's minor child or minor children[;] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."). Thus Faulkner is not entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).

IV

And even if the court assumes that there are extraordinary and compelling reasons for a sentence reduction, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Under U.S.S.G. § 1B1.13(2), the court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) requires the court to consider factors such as the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community at large that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Faulkner was involved in very serious criminal conduct, as outlined in the factual resume he signed in this case. Before committing the instant offenses, he was convicted of a federal felony offense and violated his term of supervised release. The court sentenced Faulkner to a term of imprisonment of 360 months and ordered that he pay $18,242,752.47 in restitution to numerous victims. Absent his plea agreement with the government, which capped his sentence at 360 months, Faulkner faced a sentence of 480 months in prison under the advisory sentencing guidelines. In fact, a codefendant who went to trial—and who had a less extensive criminal record than does Faulkner—*did* receive a prison sentence of 480 months. Faulkner's scheduled release date is September 4, 2035. If the court grants Faulkner's motion, it will be ordering him released more than

fifteen years before he would otherwise be eligible, and after he has served only approximately half of his sentence. The court finds, given the nature of his criminal conduct and his criminal history, that releasing him would endanger the safety of the community.

*   *   *

Accordingly, for the reasons explained, the court denies Faulkner's motion.

**SO ORDERED**.

August 13, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE