IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-249-D(02) |
| VS. | § | |
| | § | |
| MICHAEL BLAINE FAULKNER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

On remand from the Fifth Circuit, the court considers, in light of intervening circuit authority, whether defendant Michael Blaine Faulkner ("Faulkner") has demonstrated that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) or the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136.  For the reasons that follow, the court concludes that he is not and, accordingly, denies Faulkner's July 29, 2020  motion for reduction of sentence, as supplemented on September 17, 2021.

I

On July 29, 2020 Faulkner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based, *inter alia*, on the "health risk continued imprisonment poses to Faulkner as a result of the COVID-19 pandemic and his underlying health conditions."  D. 7/29/20 Mot. 9.  In an August 13, 2020 order ("Order"), the court denied Faulkner's motion. It first held that Faulkner had failed to identify extraordinary and compelling reasons for a sentence reduction consistent with the Sentencing Guidelines policy statement.  Order at 2

(citing 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).  It then held that, even if it assumed that there were extraordinary and compelling reasons for a sentence reduction, the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission," Order at 4 (quoting 18 U.S.C. § 3582(c)(1)(A)(ii)); that, under U.S.S.G. § 1B1.13(2), the court must determine that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," *id.* (alteration in original); and that, given the nature of his criminal conduct and his criminal history (which the court recounted in the Order), releasing him would endanger the safety of the community, *id.* at 4-5.

Faulkner appealed.  On July 12, 2021 the Fifth Circuit vacated the Order in light of intervening circuit authority holding that a district court is not bound by U.S.S.G. § 1B1.13 in considering a § 3582 motion brought by a prisoner.  *See United States v. Faulkner*, 852 Fed. Appx. 840, 841 (5th Cir. July 12, 2021) (per curiam) ("Following the denial of Faulkner's motion, we held that a district court is not bound by § 1B1.13 in considering a § 3582(c)(1)(A) motion brought by a prisoner." (citing *United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021))).  Because this court "treated § 1B1.13 as binding and dispositive, it abused its discretion."  *Id.*  Accordingly, the Fifth Circuit vacated the Order and remanded for further proceedings.  *Id.*  This court then permitted Faulkner to supplement his July 29, 2020 motion, which he did by filing a supplement ("Supplement") on September 17, 2021. Although the court also allowed the government to respond to the Supplement, the government has not done so.  Faulkner's July 29, 2020 motion, as supplemented in the

- 2 -

September 17, 2021 Supplement, is now ripe for determination.

## II

The court turns again to Faulkner's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018.

## A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[*] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

---

[*]Faulkner contends that, on April 15, 2020, he submitted a request for compassionate release to the Warden of Texarkana FCI and that, as of July 29, 2020, more than 30 days had elapsed since his request was submitted. He attaches as an exhibit an undated copy of what appears to be a request for compassionate release. D. App. Ex. A. The court will assume *arguendo* that Faulkner has properly exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

B

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction.  In support of his July 29, 2020 motion, Faulkner argued that he suffered from significant health concerns, including chronic asthma, hypertension, hypothyroidism, and a history of upper respiratory complications, that put him at risk for serious illness or death with the spread of COVID-19.  In his September 17, 2021 Supplement, Faulkner argues that "the current health crisis occurring throughout the BOP due to COVID-19 justifies his release in this matter, even absent extraordinary and compelling reasons," D. Supp. at 3, and again submits, based on his various medical conditions, that "he is at higher risk of suffering severe illness should he contract the coronavirus," *id.* at 6.

In light of the court's decision below that, considering the § 3553(a) factors, Faulkner should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction.  *See, e.g., United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. Dec. 18, 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

- 4 -

C

The court now analyzes the § 3553(a) factors.  As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a).").  Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence."  *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).  To be clear, the court does *not* consider itself to be bound by § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

The court considers the first two components of § 3553(a)(2) together.  Faulkner was involved in very serious criminal conduct, as outlined in the factual resume he signed in this case.  Before committing the instant offenses, he was convicted of a federal felony offense and violated his term of supervised release.  The court sentenced Faulkner to a term of imprisonment of 360 months and ordered that he pay $18,242,752.47 in restitution to numerous victims.  Absent his plea agreement with the government, which capped his

- 5 -

sentence at 360 months, Faulkner faced a sentence of 480 months in prison under the advisory sentencing guidelines. In fact, a codefendant who went to trial—and who had a less extensive criminal record than does Faulkner—*did* receive a prison sentence of 480 months. Faulkner's scheduled release date is September 4, 2035. If the court grants Faulkner's motion, it will be ordering him released more than thirteen years before he would otherwise be eligible, and after he has served just over half of his sentence. Not only would Faulkner's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, although Faulkner states in his motion that "he is not a danger to the safety of others," D. Mot. at 14, he provides no evidence to substantiate this assertion. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Faulkner's relevant offense conduct and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate

release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Faulkner is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

### III

Faulkner asserts in his September 17, 2021 Supplement that he also qualifies for relief under the CARES Act. To the extent that Faulkner's Supplement requests home confinement under the CARES Act, the court denies the request.

> It is important to distinguish between the CARES Act, on the one hand, and [18 U.S.C.] § 3582 as amended by the First Step Act on the other. The CARES Act was the federal government's comprehensive response to the COVID-19 crisis and certain provisions addressed the release of eligible inmates in the prison population. The CARES Act expanded the BOP's authority under 18 U.S.C. § 3624(c)(2) to release prisoners from custody to home confinement.

*United States v. Depron*, 2020 WL 2308636, at *1 n.1 (E.D. La. May 8, 2020).

But neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement. "The [BOP] has the sole authority to designate a prisoner's

place of incarceration." *United States v. Chaney*, 823 Fed. Appx. 278, 279 (5th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993)) (holding that prisoner had not "shown a ground for reversal based on the district court's determination that it lacked the authority to order that he serve the remainder of his sentence of imprisonment under home confinement.").

Accordingly, the court denies Faulkner's motion to the extent he seeks relief under the CARES Act.

\*   \*   \*

Accordingly, for the reasons explained, the court denies Faulkner's July 29, 2020 motion for compassionate release, as supplemented on September 17, 2021.

**SO ORDERED**.

December 2, 2021.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 8 -