IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:09-CR-249-D(02) |
| VS. | § | |
| | § | |
| MICHAEL BLAINE FAULKNER, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Michael Blaine Faulkner ("Faulkner") moves for modification of term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). He also moves to expand the record. For the reasons that follow, the court grants the motion to expand the record and denies the motion for modification of term of imprisonment.

I

Faulkner pleaded guilty to conspiracy to commit wire and mail fraud, in violation of 18 U.S.C. §§ 1349, 1341, and 1343 (count 1 of fourth superseding indictment) and to obstructing justice by concealing assets, in violation of 18 U.S.C. § 1512(b)(2)(B) (count 5 of fourth superseding indictment). On May 25, 2012 the court sentenced him to 240 months' imprisonment as to count 1 and 120 months' imprisonment as to count 5, to run consecutively to one another, followed by 3 years of supervised release as to count 1, and 3 years of supervised release as to count 5, to run concurrently.

On July 29, 2020 Faulkner filed a motion to reduce sentence pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i) based, *inter alia*, on health risks associated with the COVID-19 pandemic. The court denied Faulkner's motion and, after the Fifth Circuit vacated the denial based on intervening circuit authority, the court denied Faulkner's supplemented motion for compassionate release and motion for reconsideration of the denial of the supplemented motion. Faulkner appealed, and the Fifth Circuit affirmed.

On April 23, 2026 Faulkner filed the instant motion for modification of term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). He contemporaneously filed a motion to expand the record to include exhibits in support of his § 3582(c)(1)(A) motion. The court ordered the government to file a response, which it did on May 28, 2026. Faulkner filed a reply on June 23, 2026. The motions are now ripe for decision.

II

Faulkner's motion to expand the record, which seeks permission to file evidence in support of his motion under § 3582(c)(1)(A), is granted.

III

The court now turns to Faulkner's motion for modification of term of imprisonment under 18 U.S.C. § 3582(c)(1)(A). The court will assume, without deciding, that Faulkner has not waived the right to bring this motion. *See* Gov't Br. 11-13 & n.8 (discussing grounds for concluding that Faulkner has waived his right to bring this motion).

A

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First

Step Act of 2018, "[a] court, on a motion by the [Federal Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.* When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

B

Faulkner moves for compassionate release based on alleged extraordinary and compelling reasons. He contends that his 360-month sentence, which in practical effect is a *de facto* life sentence, is increasingly out of step with society's evolving view of the

*Faulkner contends in his motion that he submitted a written inmate request to the Warden of his facility and that more than 30 days have now passed. D. Br. 8-9. Because doing so does not change the outcome of the decision on Faulkner's motion, the court will assume *arguendo* that he exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

seriousness of the underlying offenses and with the growing recognition that many U.S.S.G. sentences are unduly harsh; that his sentence is grossly disproportionate to his offenses of conviction; that his criminal behavior, "while illegal and morally wrong, caused less harm to society than would murder or a violent offense against a child[, and] a sentence of 360-months' imprisonment is grossly disproportionate to [his] crimes," D. Br. 12; that the absence of a meaningful number of recently-imposed comparable sentences in the Judicial Sentencing Information interactive data tool "suggests that society's evolving standards of decency no longer tolerate sentences of this length for defendants sentenced on convictions and sentencing factors similar to those present in [his] case," *id.* at 13-14; that his sentence exceeds the punishment that defendants with similar criminal histories would often receive for far more serious violent federal offenses; and that based on the documented effects of prolonged incarceration on life expectancy, his current sentence effectively operates as a life sentence.

Because the court concludes below that Faulkner's motion should be denied after considering the § 3553(a) factors, it will assume *arguendo* that Faulkner has shown an extraordinary and compelling reason. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection during COVID-19 pandemic constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.). "When a district court denies a motion for compassionate release, it must give '"specific factual reasons" for its decision.'" *United States v. Stanford*, 79 F.4th 461, 463 (5th Cir. 2023) (quoting *United States v. Handlon*, 53 F.4th 348, 351 (5th Cir. 2022)).

In *United States v. Faulkner* (*Faulkner I*), 2021 WL 5746529 (N.D. Tex. Dec. 2, 2021) (Fitzwater, J.), *aff'd*, 2022 WL 9914947 (5th Cir. Oct. 17, 2022), the court concluded, after considering the § 3553(a) factors, that Faulkner was not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). It explained:

> Faulkner was involved in very serious criminal conduct, as outlined in the factual resume he signed in this case. Before committing the instant offenses, he was convicted of a federal felony offense and violated his term of supervised release. The court sentenced Faulkner to a term of imprisonment of 360 months and ordered that he pay $18,242,752.47 in restitution to numerous victims. Absent his plea agreement with the government, which capped his sentence at 360 months, Faulkner faced a sentence of 480 months in prison under the advisory sentencing guidelines. In fact, a codefendant who went to trial—and who had a less extensive criminal record than does Faulkner—*did* receive a prison sentence of 480 months. Faulkner's scheduled release date is September 4, 2035. If the court grants Faulkner's motion, it will be ordering him released more than thirteen years before he would otherwise be eligible, and after he has served just over half of his sentence. Not only would Faulkner's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct.

*Faulkner I*, 2021 WL 5746529, at *3 (citation omitted).

In the present motion, Faulkner argues, *inter alia*, that he is a rehabilitated former offender who presents no meaningful likelihood of recidivism and no danger to any person or to the community. While recognizing Faulkner's rehabilitative efforts while in prison, the court is unpersuaded that these efforts, when weighed against the other § 3553(a) factors the court addressed in *Faulkner I*, 2021 WL 5746529, at *3, warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'").

Weighing the pertinent § 3553(a) factors together, the court concludes that Faulkner's

sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

The government's opposition brief, moreover, sets out in detail why the § 3553(a) factors do not support a sentence reduction. Gov't Br. 13-19.

* * *

Accordingly, the court grants Faulkner's April 23, 2026 motion to expand the record and denies his April 23, 2026 motion for modification of term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

**SO ORDERED**.

August 6, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE